

FILED & ENTERED

NOV 16 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:   Alexandra Apeles, Former Debtor<br><br>Kristen Noble,<br>                                          Plaintiff<br>        v.<br>Alexandra Apeles,<br>                                          Defendant | Case No.:   2:16-bk-16043-ER<br>Adv. No.:   2:16-ap-01313-ER<br><br>**MEMORANDUM OF DECISION DENYING DEBTOR'S MOTION TO EXPUNGE LIS PENDENS BASED UPON THE COURT'S LACK OF JURISDICTION**<br><br>[No hearing required pursuant to Federal Rule of Civil Procedure 78(b) and Local Bankruptcy Rule 9013-1(j)(3)] |

The Court has reviewed the Debtor's Motion to Expunge Notice of Pendency of Action (Lis Pendens) and to Claim Attorneys Fees and Costs in the Amount of $5,228.10 ("Motion"),[1] as well as the Debtor's application for a hearing on the Motion on shortened time. The Court finds this matter appropriate for disposition without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Bankruptcy Rule 9013-1(j)(3). For the reasons set forth below, the Motion is DENIED based upon the Court's lack of jurisdiction.

## I. Facts

Alexandra Apeles ("Debtor") commenced a voluntary Chapter 7 petition on May 6, 2016. On July 15, 2016, Kristen Noble ("Noble") filed a complaint (the "Dischargeability Complaint")

---

[1] The Motion was filed in the Debtor's main bankruptcy case [Doc. No. 88, Case No. 2:16-bk-16043-ER] and in the *Noble v. Apeles* adversary proceeding [Doc. No. 32, Adv. No. 2:16-ap-01313-ER].

objecting to the Debtor's discharge pursuant to §727, objecting to the dischargeability of indebtedness to Noble pursuant to §523(a)(2)(A), and seeking to avoid the Debtor's alleged fraudulent transfer of real property located at 1200 Ball Road, Anaheim, CA 92802 (the "Property"). On July 16, 2016, Noble recorded a Notice of Pendency of Action (the "Lis Pendens") against the Property. Noble withdrew the §548 claim upon being advised that it belonged to the estate, but did not withdraw the Lis Pendens.

On July 22, 2016, the Chapter 7 Trustee ("Trustee") filed a complaint to avoid the Debtor's pre-petition transfer of the Property to Alexander Romero, Trustee of the Aladan Family Trust (the "Avoidance Complaint"). On October 27, 2016, the Court dismissed the Debtor's petition pursuant to a stipulation with the Trustee. Pursuant to the stipulation, the Trustee dismissed the Avoidance Complaint. The Court dismissed the Dischargeability Complaint in view of the dismissal of the petition.

Debtor moves for an order expunging the Lis Pendens pursuant to California Code of Civil Procedure ("Cal. CCP") §405.30. Debtor contends that recordation of the Lis Pendens was improper because the Dischargeability Complaint was not related to the ownership of the Property. Debtor asserts that the recordation of the Lis Pendens was in violation of the automatic stay. Debtor cites a letter from the Trustee to Noble in which the Trustee states that recordation of the Lis Pendens violated the stay and demands that the Lis Pendens be withdrawn.

## II. Findings and Conclusions

The Court has no jurisdiction to consider the Motion. A bankruptcy court has jurisdiction over "all cases under title 11." 28 U.S.C. §1334(a). "Generally, in the bankruptcy context, the word 'case' is a term of art which refers to 'that which is commenced by the filing of a petition; it is the "whole ball of wax," the chapter 7, 9, 11, 12 or 13 case.'" *Blevins Elec., Inc. v. First Am. Nat'l Bank (In re Blevins Elec., Inc.)*, 185 B.R. 250, 253 (Bankr. E.D. Tenn. 1995).

A bankruptcy court also has jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. §1334(b). The three types of jurisdiction conferred under 28 U.S.C. §1334(b) are known as "arising under," "arising in," and "related to" jurisdiction. "Arising under" jurisdiction exists if "the cause of action is created by title 11." *Menk v. Lapaglia (In re Menk)*, 241 B.R. 896, 909 (B.A.P. 9th Cir. 1999). "Arising in" jurisdiction applies to "those administrative proceedings that, while not based on any right created by title 11, nevertheless have no existence outside bankruptcy." *Id.* "Related to" jurisdiction exists if "the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy…. An action is related to bankruptcy if the action could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate." *Fietz v. Great Western Savings (In re Fietz)*, 852 F.2d 455, 457 (9th Cir. 1988) (internal citations omitted).

The Court does not have jurisdiction under 28 U.S.C. §1334(a). The Debtor's case was dismissed on October 27, 2016. Having been dismissed, the case no longer qualifies as a "case under title 11." 28 U.S.C. §1334(a). The order of dismissal has not been vacated and remains in force.

The Court does not have any of the three types of jurisdiction under 28 U.S.C. §1334(b). There is no "arising under" jurisdiction. The claim to expunge the Lis Pendens is not created by title 11. There is no "arising in" jurisdiction. The claim to expunge the Lis Pendens is not

an administrative matter unique to the bankruptcy process which has no existence outside of bankruptcy. To the contrary, the claim arises under California law. There is no "related to jurisdiction." Since the case has been dismissed, there is no way that determination of the Motion could conceivably have any effect upon the "handling and administration of the bankruptcy estate." *Fietz*, 852 F.2d at 457.

In some instances, a federal court may retain ancillary jurisdiction over dismissed cases. "Ancillary jurisdiction may rest on one of two bases: (1) to permit disposition by a single court of factually interdependent claims, and (2) to enable a court to vindicate its authority and effectuate its decrees." *Sea Hawk Seafoods, Inc. v. Alaska (In re Valdez Fisheries Dev. Ass'n, Inc.)*, 439 F.3d 545, 549 (9th Cir. 2006).

The Court lacks ancillary jurisdiction to determine the Motion. The claim to expunge the Lis Pendens is not factually interdependent upon claims that were presented to this Court. Determining the Motion would not enable the Court to vindicate its authority and effectuate its decrees. Debtor asserts that the Lis Pendens was recorded in violation of the automatic stay. While remedying an alleged stay violation could be a basis for ancillary jurisdiction by enabling the court to vindicate its authority, here the Debtor is judicially estopped from asserting that recordation of the Lis Pendens violated the automatic stay. "'Judicial estoppel, sometimes also known as the doctrine of preclusion of inconsistent positions, precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position.' 'Judicial estoppel is an equitable doctrine that is intended to protect the integrity of the judicial process by preventing a litigant from playing fast and loose with the courts.'" *Whaley v. Belleque*, 520 F.3d 997, 1002 (9th Cir. 2008). During and prior to her bankruptcy petition, Debtor took the position that she had no interest in the Property. Debtor did not list the Property on Schedule A/B, and stated on the Statement of Financial Affairs that the Property had been transferred to the Aladan Family Trust pre-petition. Debtor's assertion that recordation of the Lis Pendens against the Property violated the stay is inconsistent with this position. If the Debtor had no interest in the Property, then recordation of the Lis Pendens against the Property would not have violated the stay.

Based upon the foregoing, the Motion is DENIED as a result of the Court's lack of jurisdiction. The Court will enter an order consistent with this Memorandum of Decision.

###

Date: November 16, 2016

Ernest M. Robles
United States Bankruptcy Judge